IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER H. MCCOY, § | | |
| BOP Register No. 09150-025, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-2363-D-BN | |
| § | | |
| K. ZOOK, Warden, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Christopher H. McCoy "pleaded guilty to using the Internet to entice a minor to engage in illicit sexual activity, 18 U.S.C. § 2422(b); transferring obscene matter to a minor, *id.* § 1470; and receiving, *id.* § 2252(a)(2), possessing, *id.* § 2252(a)(4)(B), and distributing child pornography, *id.* § 2252(a)(2)," and he was sentenced "to a total of 327 months' imprisonment, the top of the guidelines range." *United States v. McCoy*, 493 F. App'x 767, 768 (7th Cir. 2012) (per curiam), *aff'g United States v. McCoy*, No. 3:11-cr-30076-001-DRH (S.D. Ill.).

McCoy, currently incarcerated at FCI Seagoville, in this district, has now filed a *pro se* Emergency Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Dkt. No. 3], asserting that the conditions of his confinement violate the Fifth and the Eighth Amendments, based on allegations that the Federal Bureau of Prisons ("BOP") cannot protect him from the COVID-19 virus. To remedy these allegedly unconstitutional conditions, McCoy requests that the Court "grant [him] the same relief as granted in," for example, *Martinez-Brooks v. Easter*, ___ F. Supp. 3d ___, No. 3:20-cv-00569

(MPS), 2020 WL 2405350 (D. Conn. May 12, 2020). Dkt. No. 3 at 3, 18.

In *Martinez-Brooks*, federal inmates filed a Section 2244 petition and a motion for a temporary restraining order ("TRO"), which the district court granted in part, entering a TRO "aimed at accelerating the process for evaluating inmates for home confinement and compassionate release, and focusing that process on achieving a 'reasonable' balance between the risks to inmate safety and the risks to public safety." 2020 WL 2405350, at *32 (citation omitted).

McCoy's habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the petition without prejudice for lack of subject matter jurisdiction.

McCoy does not challenge the legal authority under which he is detained. That is, he does not challenge "the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). McCoy instead challenges the legality of the conditions under which he is detained.

And, as multiple judges of this Court have recognized, even considering the exigencies caused by the COVID-19 pandemic, conditions of confinement claims are "not cognizable under Section 2241." *Cureno Hernandez v. Mora*, ___ F. Supp. 3d ___, No. 1:20-cv-104-H, 2020 WL 3246753, at *1 (N.D. Tex. June 15, 2020); *see also, e.g., Valencia v. Carr*, No. 4:20-cv-821-O, 2020 WL 4581645, at *2 (N.D. Tex. Aug. 7, 2020)

("Petitioner does not challenge the validity of her sentences or convictions or the BOP's administrative calculation of her release date, which is the traditional 'essence' of habeas corpus. It is the nature of the substantive legal claim itself and the pertinent factual allegations – in addition to the relief sought – that determines whether the claim challenges 'the validity of confinement' and thus sounds in habeas corpus. Petitioner's claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus. Thus, a § 2241 habeas petition is not the proper vehicle for raising her claims, and this Court lacks jurisdiction to consider the claims and grant the declaratory and injunctive relief requested." (collecting cases; citations omitted)); *Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *5 (N.D. Tex., Jun. 6, 2020) ("In sum, aside from conditions of confinement alleged to be unconstitutional that, if proved to be true, will result in accelerated release, 'habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" (quoting *Pierre*, 525 F.3d at 935-36)); *Sanchez v. Brown*, No. 3:20-cv-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. An inmate is not entitled to relief in a habeas corpus petition based on civil rights claims related to the conditions of his confinement. Plaintiffs do not challenge the cause of their detention or contend that they are being held for an improper duration. They seek release due to the conditions

at the jail caused by COVID-19. The Court concludes it lacks jurisdiction over Plaintiffs' habeas action." (citations omitted)).

> Fifth Circuit precedent provides that unconstitutional conditions of confinement – even conditions that create a risk of serious physical injury, illness, or death – do not warrant release. Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention. Rather, the proper remedy for unconstitutional conditions of confinement should be equitable – to enjoin the unlawful practices that make the conditions intolerable. Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."

*Cureno Hernandez*, 2020 WL 3246753, at \*4 (citations omitted); *see also Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (per curiam) ("Lineberry has not provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. The district court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action." (citations omitted)).

The Court therefore lacks subject matter jurisdiction over this habeas action. *See, e.g., Cureno Hernandez*, 2020 WL 3246753, at \*6 ("[T]his Court, like most district courts to consider the issue, will follow the bright-line rule established by decades of Fifth Circuit precedent that conditions-of-confinement claims are not the proper subject matter for a writ of habeas corpus.").

And, to the extent that McCoy requests release, that requested relief does not itself transform this civil case into a habeas action. *See, e.g., Umarbaev*, 2020 WL 3051448, at *5 ("[M]erely requesting, as relief, release from custody does not convert an action into one under the habeas statute." (citations omitted); *Shah v. Wolf*, No. 3:20-cv-994-C-BH, 2020 WL 4456530, at *6 (N.D. Tex. July 13, 2020) ("A petitioner cannot simply transform a conditions-of-confinement claim into a habeas claim by, as here, requesting the habeas remedy of release and claiming the unconstitutional condition of confinement is the confinement itself. Because Petitioner ultimately challenges the conditions of his confinement and the appropriate remedy for which – i.e., discontinuance of the procedure or cessation of the unconstitutional conduct – would not result in Petitioner's accelerated release, § 2241 is not the proper avenue for the relief sought." (citations and footnote omitted)), *rec. adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020).

Further, if McCoy's reference to *Martinez-Brooks* or other cases may be liberally construed as requesting that this Court order that he be released to home confinement, the Court lacks that authority.

> "[T]hree statutes govern the *discretion* of the [BOP] to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement."

*Ward v. Bureau of Prisons*, No. 3:19-cv-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex.

Apr. 2, 2019) (quoting *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2 (W.D. Tex. Jan. 29, 2019)), *rec. adopted*, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

> While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court. 18 U.S.C. § 3624(c)(2); 18 U.S.C. § 3621(b); *see United States v. McGimsey*, No. 3:11-CR-00069-TBR, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (statutory language of § 3624(c)(2) as amended by the First Step Act "makes clear that the BOP's authority to release a prisoner to home confinement is discretionary"); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (BOP, not the courts, decides whether home detention is appropriate). Absent a court's modification to a sentence under § 3582(c), "discretion to release a prisoner to home confinement lies solely with the Attorney General [and BOP by delegation]." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (collecting authority); *see United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 19, 2019) (noting that, at most, the court could only compel BOP to consider whether a prisoner should be placed on home confinement).

*United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019).

And, while the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") – "the federal government's comprehensive response to the COVID-19 crisis" – further "expanded the BOP's authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement," the CARES Act does not authorize a federal court to release an inmate to home confinement. *United States v. Depron*, Crim. A. No. 14-59, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020) (concluding that, even under Section 3642(c)(2), as amended by the CARES Act, "home confinement determinations rest with the BOP").

## Recommendation

The Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE